IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAINEATER, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 13-175E (lead case) |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| JIUJIANG YADA TRAFFIC | ) | |
| EQUIPMENT CO., LTD, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Yada's partial Motion to Dismiss (Doc. 39) Raineater's Amended Complaint (Doc. 34) will be granted.

The parties are well acquainted with the procedural posture and claims asserted in this case. Yada's current Motion seeks dismissal of Raineater's claims for "trespass to chattels," allegedly resulting from Yada's attempts to intercept a storage container of wiper blades ("the Container") being shipped to Erie, Pennsylvania pursuant to the parties' contractual dealings. Raineater sought and obtained *ex-parte* injunctive relief regarding the Container in state court, and by the time this Court held a hearing on October 23, 2013, any issues regarding the Container were moot. *See generally* Tr. of Oct. 23rd Hearing (Doc. 36) at 6-8 (stating concerns that Raineater obtained injunctive relief in state court without notifying Yada's counsel, and rejecting Raineater's explanations for why it had not provided notice); *id.* at 30, 96-97 (exchanges between Court and counsel revealing that issues regarding Container were, as a practical matter, moot); *id.* at 99 (Court affirmatively concluded, absent objection from counsel, that matters regarding "the state court injunction [are] moot").

At the Hearing, the Court also expressed its belief that both sides' attempted assertion of tort-based claims served only to muddy the water regarding what otherwise should be a straightforward contract case. *See id* at 101 (observing that "[t]here[ has been] a lot of sniping and back and forth . . . between the parties," which the Court "underst[ood] on a human level," but "it [would] behoove[] the parties to try to pare this lawsuit down to what is really at issue"). Thus, the Court urged the parties to consider withdrawing their dueling accusations of defamation and tortious interference. *Id.* at 99-100.

In its amended pleadings, Raineater has not reasserted its tortious interference and defamation claims, but instead has added claims against Yada and its principal for "trespass to chattels" based on their conduct regarding the Container. *See* Raineater's Am. Compl. (Doc. 34) at Counts II & III. In asserting these claims, Raineater candidly admits that it already has "obtained judicial relief" in state court. *See id.* at ¶ 38. Raineater also persists in these claims despite the Court's determinations that, (a) Raineater's explanations for why it proceeded in state court, *ex-parte*, were not credible, and (b) issues regarding the Container were, as of October 2013, moot. *See* discussions *supra*.

Unfortunately, it is all too common a practice for litigants to "overplead" their cases, presumably either to assuage themselves that they are not waiving claims, or as make-weight for the purposes of litigation or settlement posture. The Court had hoped that this litigation had moved beyond such pretenses, but, in any event, the dismissal of Raineater's most recent tort claims requires only an application of common sense.

As an initial matter, the Court has trouble envisioning any meaningful harm that resulted from Yada's alleged misconduct regarding the Container. Raineater long ago took possession of the Container's contents by way of *ex parte* injunctive relief in state court, notwithstanding its

2

questionable explanations for failing to notify Yada (and any attendant implications regarding unclean hands). As a result, the undersigned stated, in open court, that matters regarding the Container were moot, and Raineater offered no objection.

Whether or not Raineater may cobble together plausible claims of residual harm regarding the Container, any such harm being of nominal value, at best, the Court can and will dismiss Raineater's latest tort claims under Federal Rule of Civil Procedure 41(b),[1] the law-of-the-case doctrine,[2] and the Court's inherent power to manage this litigation to achieve an orderly and expeditious disposition of the case. Dismissal would appear equally warranted under the rules against duplicative litigation and/or the *Colorado River* doctrine. *See* Herko v. Muzyka, 2012 WL 870734, *2 (D. N.J. Mar. 14, 2012) ("[a]n additional ground for dismissing . . . a federal action in favor of state court proceedings . . . is aimed at avoiding duplicative litigation and is premised on considerations . . . concern[ing] the efficient administration of judicial resources and the comprehensive disposition of cases") (citation to quoted source omitted); *cf. also* ITT Corp. v. Intelnet Int'l, 366 F.3d 205, 210 n.6 ("the *Colorado River* doctrine permits a federal court to refrain from exercising its jurisdiction when the litigation would be duplicative of a concurrent . . . state court proceeding").[3]

---

[1] *See* Yada's Br. (Doc. 40) at 2-4. Allowing Raineater to assert these claims would be unduly prejudicial to Yada, and any sanction less than dismissal would be ill-fitting and insufficient.
[2] *See* discussion *supra* (discussing Court's uncontested determination that issues regarding Container were moot).
[3] Although the Court believes that a *Colorado River* analysis would needlessly complicate this ruling, the relevant factors would favor its application. Specifically: (1) the state court "first assumed jurisdiction over property involved"; (2) convenience of the fora is a non-factor; (3) concerns regarding piecemeal litigation are inapplicable because Raineater already has obtained relief in state court; (4) Raineater obtained jurisdiction in state court, albeit under questionable (*ex parte*) circumstances; (5) state law applies; and (6) the state court provided an adequate forum for Raineater's interests, as there is no reason to believe that the relief sought here was unavailable in the state forum. *See generally* BIL Mgmt. Corp. v. N.J. Econ. Dev. Auth., 2008 WL 1813159, *2 (3d Cir. Apr. 23, 2008) (listing and discussing six factors).

While not all of these reasons were specifically addressed in Yada's Motion to Dismiss, Raineater has enjoyed sufficient notice regarding their substance and an opportunity to be heard. Thus, any technicality-based challenges under the rules regarding "*sua sponte*" determinations can gain no traction, and indulging them would only further delay the prompt and efficient resolution of the parties' legitimate claims. It is time for the parties and the Court to move on.

Last, Yada's request to strike Raineater's claim(s) for attorney's fees is granted. It is well settled that attorney's fees cannot be awarded in the absence of a statute or agreement between the parties. O'Brien v. Travelers Prop. & Cas. Ins. Co., 2003 WL 21197054, *2 (3d Cir. May 22, 2003) (applying Pennsylvania law, citation to binding authority omitted). Raineater's only argument in opposition, that Yada waived its fees-challenge by failing to raise it in its initial motion to dismiss, is inconsistent with the law. Estien v. Christian, 507 F.2d 61, 63 (3d Cir. 1975) ("the matter of the award [of attorney's fees] and [their] amount are within the district court's discretion") (citation omitted); *accord* Amer. Bd. of Internal Med. v. Von Muller, 540 Fed. Appx. 103, 106 (3d Cir. Sept. 12, 2013) (same); *see also generally* Knight v. Wapinsky, 2013 WL 786339, *3 (M.D. Pa. Mar. 1, 2013) ("an amended complaint supersedes the original complaint," and "renders the original complaint a nullity") (citations to quoted and other sources omitted). There are no grounds for an award of fees, and Yada's request to strike is granted.

IT IS SO ORDERED.

August 27, 2014　　　　　　　　　　　　　　　s\Cathy Bissoon
　　　　　　　　　　　　　　　　　　　　　　　Cathy Bissoon
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

cc (via ECF email notification):

All Counsel of Record